**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **KAREN WHALLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | **25-12882-FDS** |
| ) | |
| **TOWN OF PLYMOUTH, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER ON**
**PLAINTIFF'S MOTION TO REMAND**

SAYLOR, J.

This is a civil-rights action.  Plaintiff Karen Whalley filed this action against the Town of

Plymouth, its police department, schools, and various individual employees of the Town.  The

complaint alleges, in essence, that the defendants inappropriately caused her to be involuntarily

hospitalized in July 2022, and then conducted an ongoing campaign of harassment against her,

including filing false criminal charges, showing up at her home, attempting to have her children

removed from her custody, and defaming her to her neighbors.

The complaint asserts seven counts against the defendants, but does not clearly set out the

legal basis for each claim.  Most of the numbered claims are for common-law torts, such as false

arrest, malicious prosecution, abuse of process, and defamation.  The complaint also includes

claims for retaliation, failure to train, and violation of privacy rights under Mass. Gen. Laws ch.

214 § 1B.  Count 1, which is for false arrest and imprisonment, cites the First, Fourth, Fifth, and

Eighth Amendments to the U.S. Constitution; the Massachusetts Declaration of Rights, without

specifying a provision; the "Massachusetts Civil Rights Statute and G.L. c. 12H and I,"

presumably referring to Mass. Gen. Laws ch. 12 § 11H; Mass. Gen. Laws ch. 214 §§ 1B and

"Mass. Gen. Laws. ch. 214 § 113"; and 42 U.S.C. § 1983.

Plaintiff has moved to remand the action to state court.  For the following reasons, the

motion will be denied.

## I.    Background

This action was filed in the Massachusetts Superior Court on June 20, 2025.  The

complaint names eight defendants.  According to the state-court docket, six of those defendants

(the Town of Plymouth; Kevin Manuel; Thomas DeLaura; the Plymouth Police Department;

Abigail Dudley; and Lori Rush) were served by certified mail attested to by counsel for plaintiff.

There is no proof of service of process on the docket as to the remaining two defendants (the

Plymouth Public Schools and an individual identified as "Micheal Biffar" in the caption of the

complaint and "Michael Biffen" in the text).

Six of the defendants (all but Abigail Dudley and Michael Biffen) removed the action to

this court on October 3, 2025, based on federal-question jurisdiction under 28 U.S.C. § 1331.

(Dkt. No. 1).  Defendant Dudley assented to the removal on November 11, 2025.  (Dkt. No. 17).

Plaintiff has moved to remand the action to the Superior Court on the grounds that (1) the

removal was procedurally defective because only six of the eight defendants removed the action

and (2) this court does not have subject-matter jurisdiction over the action.  (Dkt. No. 16).

## II.    Analysis

### A.    Subject-Matter Jurisdiction

Plaintiff's contention that this Court lacks subject-matter jurisdiction may be disposed of

readily.  The complaint specifically alleges that "[d]efendants' misconduct violated plaintiff's

rights under . . . the 1st, 4th, 5th, and 8th Amendments to the United States Constitution . . . and

federal law at 42 U.S.C. § 1983."  (Compl. ¶ 22).  This Court clearly has subject-matter

jurisdiction, as the claims arise, at least in part, "under the Constitution [and] laws [. . . ] of the United States."  28 U.S.C. § 1331.

**B.      Procedural Requirements for Removal**

The statute governing the procedure for removal of civil actions, 28 U.S.C. § 1446, provides, among other things, that in cases removed on the basis of the federal-question jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  *See Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 75 (1st Cir. 2009).

In the present action, six out of eight defendants (the Town, the Police Department, the Public Schools, Manuel, DeLaura, and Rush) joined in the notice of removal; defendants Dudley and Biffen did not.  Their failure to join does not, however, require remand.

As for defendant Dudley, there is no evidence that she had been "properly . . . served" as of the date of removal.  The proof of service of process filed in state court by counsel for plaintiff indicates that she was served by "certified mail pursuant to Mass. R. Civ. P. 4(c) and 4(d)(5) [sic]." (Dkt. No. 6 at 28).  Mass. R. Civ. P. 4(d)(4) permits service by certified mail upon a town or other political subdivision of the Commonwealth.  Defendant Dudley, however, is an individual, not a government agency; for service to be valid, she must have been served in accordance with Mass. R. Civ. P. 4(d)(1).  If such a service was accomplished prior to removal, it is not reflected in the record.  Because she had not been properly served, it was not necessary for her to join in the remand.

Furthermore, and in any event, Dudley has "clearly communicat[ed] [her] desire to be in federal court."  *Esposito*, 590 F.3d at 77.  On November 11, 2025, she filed a notice explicitly assenting to removal, and has now filed and fully briefed a motion to dismiss in this court.  (Dkt.

Nos. 17, 20, 21, 23).  In so doing, she has clearly demonstrated her desire for the case to remain in this court.

The Court of Appeals has made clear that technical unanimity defects do not require remand where all defendants have clearly demonstrated their desire to proceed in federal court. Thus, for example, the court has held that a defendant evinces its desire to stay in federal court where it files an answer in federal court and opposes a plaintiff's motion to remand.  *Esposito*, 590 F.3d at 77; *see also Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 28-29 (1st Cir. 2012) (same). The purpose of the unanimity requirement, the Court of Appeals has recognized, is to prevent one defendant from imposing its choice of forum on a non-consenting co-defendant and to "prevent[] the needless duplication of litigation." *Esposito*, 590 F.3d at 75.  Those purposes are met so long as each defendant "clearly communicat[es] its desire to be in federal court." *Id.* at 77.

As to defendant Biffen, there is no indication that he has ever been served with process. Again, a defendant who has not been served need not join in a notice of removal for it to be procedurally proper.  *See* 28 U.S.C. § 1446 (b)(2)(A); 16 MOORE'S FEDERAL PRACTICE § 107.42(3)(d); *see also Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019).

In short, the removal was procedurally proper, and the motion to remand will therefore be denied.

## III.    Conclusion

For the foregoing reasons, plaintiff's motion to remand is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  July 23, 2026          United States District Judge

4