**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **KAREN WHALLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **25-12882-FDS** |
| | ) | |
| **TOWN OF PLYMOUTH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON**
**DEFENDANT ABIGAIL DUDLEY'S MOTION TO DISMISS**

**SAYLOR, J.**

This is a civil-rights action.  Plaintiff Karen Whalley filed this action against the Town of Plymouth and various individual employees of the Town.  The complaint alleges, in essence, that the defendants inappropriately caused her to be involuntarily hospitalized in July 2022, and then conducted an ongoing campaign of harassment against her, including filing false criminal charges, showing up at her home, attempting to have her children removed from her custody, and defaming her to her neighbors.

The complaint asserts seven counts against the defendants, but does not clearly set out the legal basis for each claim.  Most of the numbered claims are for common-law torts, such as false arrest, malicious prosecution, abuse of process, and defamation.  The complaint also includes claims for retaliation, failure to train, and violation of privacy rights under Mass. Gen. Laws ch. 214 § 1B.  Count 1, which is for false arrest and imprisonment, cites the First, Fourth, Fifth, and Eighth Amendments to the U.S. Constitution; the Massachusetts Declaration of Rights, without specifying a provision; the "Massachusetts Civil Rights Statute and G.L. c. 12H and I,"

presumably referring to Mass. Gen. Laws ch. 12 § 11H; Mass. Gen. Laws ch. 214 § 1B and "Mass. Gen. Laws ch. 214, § 113"; and 42 U.S.C. § 1983.

Defendant Abigail Dudley has moved to dismiss for failure to state a claim under Rule 12(b)(6), or alternatively for a more definitive statement.  For the following reasons, the motion to dismiss will be granted.

## I.    <u>Standard of Review</u>

To survive a motion to dismiss under Rule 12(b)(6), the complaint must state a claim that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  When determining whether a complaint satisfies that standard, a court must "take the complaint's well-pleaded facts as true, and . . . draw all reasonable inferences in the plaintiff's favor."  *Lowe v. Mills*, 68 F.4th 706, 713 (1st Cir. 2023) (quoting *Frese v. Formella*, 53 F.4th 1, 5 (1st Cir. 2022)) (citation modified).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

## II.    <u>Analysis</u>

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.  *Iqbal*, 556 U.S. at 678.  "Where the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (citation

modified).

The complaint mentions defendant Dudley only twice:  she is listed in the caption and she

is identified in Paragraph 3.  That paragraph states, in its entirety:

> Defendants Captain Kevin Manuel, Patrolman Thomas DeLaura, and Abigail
> Dudley worked for and on behalf of the Plymouth Police Department at the time
> of the within transactions and occurrences.

(Compl. ¶ 3).  Although the complaint elsewhere refers to "defendants" (or subsets of

defendants, such as "Plymouth Police Officers" or "Plymouth Police staff") collectively, and

alleges that they engaged in various wrongful acts, nowhere does it specifically allege that

Dudley personally engaged in any tortious or other unlawful conduct.

In her motion to dismiss, Dudley asserts that she is a licensed independent clinical social

worker; she attached to her motion a copy of a verification of licensure from the Commonwealth.

(Def.'s Mot., Ex. 3).[1]  In substance, she contends that her only involvement with plaintiff

occurred on July 7, 2022, "when the Plymouth Police Department requested that she perform a

crisis assessment of [p]laintiff to determine whether an involuntary admission under [Mass. Gen.

Laws ch.] 123 § 12(a) was appropriate"; that she recommended that plaintiff "be taken for a

further mental health evaluation at the hospital"; and that Mass. Gen. Laws ch. 123, § 22

provides immunity from suit to licensed independent social workers who act in accordance with

the Massachusetts Involuntary Commitment Statute  (Def.'s Mot. 6-7, Dkt. No. 21).  Plaintiff's

opposition seems to acknowledge that Dudley is a social worker, not a police officer, and argues

---

[1] The court may consider that document on a motion to dismiss as an official public record, the authenticity of which is not challenged.  *See Flores v. OneWest Bank, F.S.B.*, 886 F.3d 160, 167 (1st Cir. 2018) (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)).

in general terms that she "failed entirely to comply with the provisions of the [involuntary commitment] statute."  (Pl.'s Opp'n 7, Dkt. No. 22).

One basic problem is that none of that is set out in the complaint.  It is true that the complaint alleges the following:

> On or about July 7 and July 8, 2022 [d]efendant Plymouth Police staff went to plaintiff's home, wrongfully and with no probable cause nor lawful reason took her into custody, and caused her to be involuntarily hospitalized and held against her will.  Defendants Plymouth Police Department and Town of Plymouth failed to train, discipline and supervise individual officers to prevent them from unlawfully depriving the plaintiff of her constitutionally protected liberty interests at all times specified in the within causes of action.

(Compl. ¶ 5).[2]  It later adds:

> On all occasions defendants attempted to effectuate plaintiff's involuntary hold in a medical facility on the basis of false claims of psychosis and dangerous behavior.  All [d]efendants have falsely and misleadingly portrayed [p]laintiff as psychotic, violent and a criminal to anyone who would listen to them in oral and written statements made repeatedly.

(Compl. ¶ 13).  But the complaint makes no specific factual allegation that Dudley did, or failed to do, anything at all.

The complaint suffers from other deficiencies as well.  For example, to state a claim for defamation, a complaint must allege "the essential 'who, what, when, and where'" of the allegedly defamatory statement in order to "give [a defendant] fair notice of the factual basis" for the claim.  *Hogan v. Teamsters Local 1170*, 495 F. Supp. 3d 52, 62 (D. Mass. 2020).  No such allegations are present in the complaint.

The complaint thus clearly fails to state a claim as to defendant Dudley.  Its allegations are vague, conclusory, and devoid of the details necessary to give a defendant fair notice of the specific claims against which she must defend.

---

[2] Plaintiff contends that the word "staff" encompasses Dudley as well as police officers.

4

That leaves the question of what response is appropriate.  Defendant moved both to dismiss for failure to state a claim and, in the alternative, under Fed. R. Civ. P. 12(e) for a more definitive statement.  Plaintiff—who is not proceeding *pro se*, but represented by counsel—did not respond to the request for a more definite statement.  Nor has she sought to amend the complaint; instead, her position is simply that the allegations of the complaint are sufficient.  In other words, the only thing she seeks is denial of the motion.

In any event, it is unclear what purpose would be served by allowing plaintiff to amend her complaint or provide a more definite statement—again, relief that she herself does not seek.  As noted, defendant contends that as a licensed independent social worker she is entitled to immunity under Mass. Gen. Laws ch. 123, § 22.  In her opposition, plaintiff argues that defendant is not immune because she failed "entirely" to follow the requirements of the statute.  But she makes no specific allegation as to what defendant did, or failed to do, that takes her outside the protection of the immunity statute.

That is not merely a minor issue that may be resolved at summary judgment or at trial.  Whether a defendant is entitled to immunity on a given set of facts is a question of law.  *See, e.g., Elder v. Holloway*, 510 U.S. 510, 516 (1994); *Wood v. Clemons*, 89 F.3d 922, 927 (1st Cir. 1996).  Because the entitlement is "an immunity from suit rather than a mere defense to liability," *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) (emphasis omitted), the Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (citations omitted).  It is difficult to see why this matter should be permitted to proceed against a defendant who is very likely immune without even a plausible showing as to why that immunity should not apply.

5

As a further matter, defendant submitted with her opposition a "draft amended complaint" that was provided to her by counsel for plaintiff in response to a conference under Local Rule 7.1 prior to the filing of the motion to dismiss.  (Def.'s Mot., Ex. 2).  That document—which plaintiff has not sought to file—does not cure any of the identified defects.  Accordingly, even if plaintiff moved for leave to file that document as an amended complaint, the motion would likely be denied on the ground of futility.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting "futility of amendment" as a reason to deny leave to amend).

In short, the allegations of the complaint are clearly deficient as to defendant Dudley, and on the current record, it appears that she is immune from suit under Mass. Gen. Laws ch 123, § 22 for her actions with regard to the involuntary commitment of plaintiff.  Under the circumstances, the Court will dismiss the claims against defendant Abigail Dudley under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## III.    **Conclusion**

For the foregoing reasons, the motion to dismiss of defendant Abigail Dudley for failure to state a claim upon which relief can be granted is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated:  July 24, 2026

6